**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **UNITED FABRICS INTERNATIONAL, INC.,** | 16-mc-00253 (JGK) |
| Plaintiff, | <u>MEMORANDUM OPINION AND ORDER</u> |
| - against- | |
| **METRO 22, INC. ET AL.,** | |
| Defendants. | |

---

**JOHN G. KOELTL, District Judge:**

Pending before the Court is the motion by United Fabrics International, Inc. ("United Fabrics") to hold Metro 22, Inc., Kanwar Bindra, and Sunil Navani (collectively, "the respondents") in civil contempt for failing to comply with certain Court-ordered discovery requests. The dispute arises out of United Fabrics' efforts to collect on a default money judgment entered by the United States District Court for the Central District of California against Metro 22 in the amount of $106,006.63, plus interest. <u>See</u> Steger Decl. (Dkt. 15), Ex. A.

On February 25, 2016, the judgment was filed in this Court. Steger Decl. ¶ 3. On February 26, 2016, United Fabrics served interrogatories and requests for production on Metro 22. <u>See</u> Steger Decl. ¶¶ 4-5, Exs. B-C. On May 18, 2016, after receiving no response, United Fabrics again served the discovery requests on Metro 22 by specifically serving Metro 22's President, Mr.

Bindra. Steger Decl. ¶ 6, Exs. D-E. Upon receiving no response, on May 20, 2016, United Fabrics served information subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure on Mr. Bindra, and Mr. Navani. Steger Decl. ¶¶ 7-8, Exs. F-G. None of the respondents replied to any of the discovery requests.

United Fabrics filed a motion to compel compliance with the pending discovery requests, which the Court, following a conference, granted on July 28, 2016. See Dkt. 9 (Schofield, J., Part 1). That Order ordered the respondents to respond to the discovery requests within sixty days. Id. The following day, United Fabrics served a copy of that Order on the respondents, Steger Decl. ¶ 11, Ex. J, and, on October 1, 2016, United Fabrics served a follow-up demand letter on the respondents, Steger Decl. ¶ 12, Ex. K. The respondents failed to respond in spite of United Fabrics' good faith efforts to remind them of their discovery obligations, which were especially acute in light of the July 28, 2016 Order. Steger Decl. ¶ 13.

On October 15, 2016, United Fabrics filed the present motion to hold the respondents in contempt. See Dkt. 13. On October 25, 2016, the Court heard argument on that motion. Despite being notified of that argument, and the potential consequences of failing to comply with the Court-ordered discovery, see Dkt. 17, the respondents did not appear or otherwise attempt to explain their noncompliance.

The decision as to whether civil contempt sanctions should issue is committed to the Court's discretion. Perez v. Danbury Hosp., 347 F.3d 419, 423 (2d Cir. 2003); see also Ecopetrol S.A. v. Offshore Expl. & Prod. LLC, 14-cv-529 (JGK), 2016 WL 1179803, at *4 (S.D.N.Y. Mar. 28, 2016); Fed. R. Civ. P. 45(g) (providing that a court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). To establish contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted); see also Mattel, Inc. v. Wolfgang Wind, No. 07 CIV. 2422 (JGK), 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008). United Fabrics has plainly satisfied its burden with respect to each element. Each respondent is in contempt for failure to comply with the Court-ordered discovery requests.

A sanction for civil contempt may serve two purposes: "to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56 (2d Cir. 1982). The Court has broad discretion in crafting a sanction to

coerce future compliance, while a sanction that is compensatory may only reimburse an injured party for actual damages. Id.; see also Haru Holding Corp. v. Haru Hana Sushi, Inc., No. 13 CIV. 7705 (RWS), 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15, 2016).

In this case, a sanction that has both compensatory and coercive elements is appropriate. The counsel for United Fabrics has established that he incurred reasonable attorney's fees of $2,250 in connection with his attempts to ensure the respondents' compliance with the Court's July 28, 2016 Order. See Steger Decl. ¶ 14; see also, e.g., Sprint Nextel Corp. v. Ace Wholesale, Inc., No. 12-CV-2902 (JEC), 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (awarding reasonable attorney's fees where defendants failed to comply with Rule 45 subpoenas); Gesualdi v. Hardin Contracting Inc., No. 09-CV-0683 (SJF), 2016 WL 2654068, at *2 (E.D.N.Y. May 6, 2016) (same). Moreover, a reasonable coercive fine is warranted to compel the respondents' prompt compliance with the Court's July 28, 2016 Order. In fact, there is no less restrictive alternative to attempt to assure compliance with United Fabrics' reasonable discovery efforts to enforce its judgment. The respondents have thus far simply ignored United Fabrics' efforts, and the Court's July 28, 2016 Order.

Accordingly, the appropriate sanctions for this contempt are as follow:

1. The respondents are ordered jointly and severally to pay United Fabrics $2,250 in reasonable attorney's fees by **December 31, 2016**; and

2. The Court imposes on the respondents jointly and severally a coercive *per diem* fine payable to United Fabrics of $100.00 from the date of service of this Order of contempt until the time the respondents comply with their discovery obligations as set forth in the Court's Order dated July 28, 2016.[1]

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law.

The Clerk should enter Judgment in accordance with this Order. Pursuant to Federal Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay.

**SO ORDERED.**

**Dated:    New York, New York**
**          October 27, 2016**

_____/s/_____
**John G. Koeltl**
**United States District Judge**

---

[1] The amount of the coercive fine is less than the Court was initially inclined to impose. United Fabrics can seek additional sanctions if, after a reasonable time, the sanctions here have failed to cause compliance with the Court's July 28, 2016 Order.